# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**SECURITIES AND EXCHANGE COMMISSION**                                    **PLAINTIFF**

**VS.**                                 **CIVIL ACTION  NO. 2:08CV-0206-WAP-DAS**

**STEPHEN M. STRAUSS**                                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court is the SEC's Motion for Imposition of a Penny Stock Bar Against Defendant Stephen M. Strauss (# 20).  The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

In support of the motion, the SEC states that it requested a penny stock bar in its prayer for relief in the Complaint (# 1) but inadvertently failed to request it in its Motion for Entry of Default Judgment (# 14) filed on August 23, 2010.  On March 28, 2011, the court entered a Memorandum Opinion and Order (# 17) granting the SEC's motion for a default judgment against Strauss.  In that Opinion and Order, the court determined that Strauss was in default for failure to answer or otherwise respond to the Complaint and that the Complaint provided a sufficient basis for entry of judgment against Strauss for violations of 15 U.S.C. § 77j(b) and 17 C.F.R. § 240.10b-5.

Section 21(d)(6) of the Securities and Exchange Act of 1934 provides that the Commission may seek a court order prohibiting persons from participating in offerings of penny stock if those persons were participating in an offering of penny stock at the time of their misconduct.  15 U.S.C. § 78u(d)(6)(A).  A penny stock is any equity security that has a price of less than five dollars, except as exempted under Rule 3a51-1 under the Securities Exchange Act

of 1934. *See* 17 C.F.R. § 240.3a51-1. Section 21(d)(6) defines "person participating in an offering of penny stock" to include a person "engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock." 15 U.S.C. § 78u(d)(6)(B).

Defendant Strauss was a person participating in an offering of Chilmark's stock within these provisions because he engaged in activities for the purpose of issuing, trading and/or inducing or attempting to induce the purchase or sale of Chilmark stock. However, before a court may enter a penny stock bar, the SEC must demonstrate that the stock at issue in the violations is, in fact, a penny stock. *See SEC v. Becker*, 2010 WL 2165083, *4 (S.D. N.Y. May 28, 2010); *SEC v. Pallais*, 2010 WL 2772329, at *11 (S.D. N.Y. July 9, 2010); *SEC v. Huff*, 2010 WL 5287452, at *62-3 (S.D. Fla. Dec. 17, 2010).

In the instant motion, the SEC asserts that the stock of Chilmark Entertainment Group, Inc. "qualified as a penny stock because it was an equity security that did not meet any of the exceptions from the definition of penny stock contained in Rule 3a51-1 of the Exchange Act." The SEC further asserts that "Chilmark stock was not a Regulation NMS stock, as defined in 17 C.F.R. § 242.600(b)(47) and did not trade above five dollars per share during the relevant period." Additionally, the SEC states that "Chilmark had net tangible assets of less than $2 million per year and average revenue of less than $6 million per year during its entire operating history." The SEC points to the allegations of the Complaint in support of these assertions. However, while the well-pleaded facts of the Complaint have been accepted as true with respect to the issue of liability, they are insufficient to support the instant request for relief. The SEC must provide the court with admissible evidence that proves that Chilmark's stock was indeed a

2

penny stock. *See SEC v. Pallais*, 2010 WL 2772329, at *11 (S.D. N.Y. July 9, 2010). While the SEC has provided documentary evidence indicating that Chilmark's stock met the initial requirement of a penny stock (its price was less than $5.00 during the relevant period), it has pointed to no evidence in the record showing that Chilmark had net tangible assets of less than $2 million or that its revenues did not reach $6 million. *See* 17 C.F.R. § 240.3a51-1(g). *See also SEC v. Huff*, 2010 WL 5287452, at *62-3 (S.D. Fla. Dec. 17, 2010) (denying penny stock bar where SEC submitted no proof beyond evidence of stock price).

Therefore, it is recommended that the instant motion be denied without prejudice to the SEC's right to renew the motion upon presenting proper evidentiary support.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 20th day of April, 2011.

          /s/ David A. Sanders
          **UNITED STATES MAGISTRATE JUDGE**