UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SECURITIES AND EXCHANGE COMMISSION                                                                           PLAINTIFF

VS.                                                   CIVIL ACTION  NO. 2:08CV-0206-WAP-DAS

STEPHEN M. STRAUSS                                                                              DEFENDANT

## REPORT AND RECOMMENDATION

Before the court is the SEC's Renewed Motion for Imposition of a Penny Stock Bar Against Defendant Stephen M. Strauss (# 23). The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

By Report and Recommendation (# 22) entered on April 20, 2011, the undersigned magistrate judge recommended that the SEC's motion for imposition of a penny stock bar against Defendant Stephen Strauss (# 20) be denied because the Commission failed to present sufficient evidence that proved that Chilmark's stock was indeed a penny stock. Specifically, while the SEC had provided documentary evidence that indicated Chilmark's stock met the initial requirement of a penny stock (its price was less than $5.00 during the relevant period), it failed to point to any evidence in the record that showed Chilmark had net tangible assets of less than $2 million or that its revenues did not reach $6 million. *See* 17 C.F.R. § 240.3a51-1(g). *See also SEC v. Huff*, 2010 WL 5287452, at *62-3 (S.D. Fla. Dec. 17, 2010) (denying penny stock bar where SEC submitted no proof beyond evidence of stock price).

In support of the instant motion, the Commission posits that Strauss' deposition testimony is evidence that Chilmark had net tangible assets of less than $2 million per year and average revenue of less than $6 million per year during its entire operating history. Strauss

testified that Chilmark "made some dollars and cents" but that "there was no income ever with Chilmark." Additionally, Strauss testified that the decision to segue from entertainment work to bio-fuel was the result of "an offer from somebody who came forward and said we would like to buy your shell. You're not doing anything with it." Finally, Strauss further testified that before the reverse merger between Chilmark and Integrated Bio-Energy Resources, Inc., "there was nothing really going on" at Chilmark and that there was "no activity."

Before a court may enter a penny stock bar, the SEC must demonstrate that the stock at issue in the violations is, in fact, a penny stock. *See SEC v. Becker*, 2010 WL 2165083, *4 (S.D. N.Y. May 28, 2010); *SEC v. Pallais*, 2010 WL 2772329, at *11 (S.D. N.Y. July 9, 2010); *SEC v. Huff*, No. 08-60315-CIV, 2010 WL 5287452, at *62-3 (S.D. Fla. Dec. 17, 2010). Pursuant to the rules and regulations defining "penny stock" under the Securities Exchange Act of 1934, net tangible assets and average revenues must be demonstrated by appropriate financial statements. *See* 17 C.F.R. § 240.3a51-1(g). Because the Commission has failed to provide Chilmark's financial statements or comparable evidence, the court is not satisfied that Chilmark's stock met the definition of "penny stock." *Cf. Huff*, 2010 WL 5287452, at *63 (denying SEC's request for penny stock bar where review of company's SEC filings showed average revenues exceeded $6 million).

*Recommendation*

Based on the foregoing, it is recommended that the instant motion be denied without prejudice to the SEC's right to renew the motion upon presenting proper evidentiary support.

*Filing Objections*

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 19th day of May, 2011.

        **/s/ David A. Sanders**
        **UNITED STATES MAGISTRATE JUDGE**